FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2012 SEP 26  PM 3: 50

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

NEMO STUDIOS, GmbH, a German
corporation, and Petersongs Musikverlag KG, a
German corporation, and Frank Peterson,

        Plaintiffs,

vs.

BUSCH GARDENS WILLIAMSBURG
(formerly known as Busch Gardens Europe), a
division of SEAWORLD PARKS &
ENTERTAINMENT, LLC, a Delaware limited
liability company (formerly known as Busch
Entertainment Corporation, a Delaware
corporation); SEAWORLD PARKS &
ENTERTAINMENT, INC., a Delaware
corporation; and DOES 1 - 10,

        Defendants.

_____/

Case No.: 6:12-CV-1469- ORL-22TBS

**Complaint For:**

[1] Copyright Infringement
    (17 U.S.C. §§ 101 et seq.);

[2] Contributory Copyright
    Infringement

[3] Vicarious Copyright Infringement

[4] False Advertising in Violation of the
Lanham Act § 43(a), 15 U.S.C. § 1125

Demand For Jury Trial

        Plaintiffs, Nemo Studios, GmbH, a German corporation (hereinafter "Nemo" or

"Plaintiffs"), Petersongs Musikverlag KG, a German corporation (hereinafter "Petersongs" or

"Plaintiffs"), and Frank Peterson (hereinafter "Peterson" or "Plaintiffs"), by and through their

attorney of record, hereby alleges as follows:

## NATURE OF THIS ACTION

        1.     Plaintiffs bring this action to enforce Plaintiffs' exclusive copyrights in a

dramatico-musical work, and the various elements thereof, including, without limitation, musical

arrangements, choreography, pantomime, stage action, stage blocking, and other elements. The

action arises out of Defendants' infringement of Plaintiff's copyrights in the dramatico-musical

and the elements result from Defendants' exploitation of a choreographed, costumed dramatic

performance, and musical arrangements entitled "Rejoice," a "Busch Gardens Williamsburg's Christmas Town Event" (hereinafter "*Rejoice*" and/or the "infringing work"), which is derived from significant portions and/or all of Plaintiffs' copyrighted works which include the original PBS Special and DVD release of a dramatic stage production entitled "Gregorian Live at Kreuzenstein Castle" ("*Gregorian DVD*"), the CD release entitled "Gregorian Christmas Chants and Vision" ("*Gregorian CD and DVD*") which was released in Europe, and the United States release of "Gregorian – Christmas Chants" ("*Gregorian CD*")(collectively the "Works"). *Rejoice* is also derived from Plaintiffs' musical arrangements ("*Arrangements*" and/or collectively the "*Works*"), stage action and visual representations contained in Plaintiffs' stage production (hereinafter the "*Gregorian Stage Production*" and/or collectively the "*Works*") embodied in the *Gregorian DVD* without securing the necessary licenses, permissions, consents, and authority of the Plaintiffs.  Defendants planned, prepared, crafted, developed, performed and/or presented *Rejoice* without securing rights to Plaintiffs' *Works*.

## JURISDICTION AND VENUE

2.     This is an action for copyright infringement and permanent injunctive relief under the United States Copyright Act, 17 U.S.C. §§ 101 et seq. (hereinafter, "the Copyright Act") and for false advertising, unfair competition, and permanent injunctive relief in violation of the Lanham Act § 43(a), 15 U.S.C. § 1125.

3.     This Court has original subject matter jurisdiction pursuant to the Copyright Act, 17 U.S.C. §101 et seq., the Lanham Act § 43(a), 15 U.S.C. § 1125, 28 U.S.C. §1331 (federal question jurisdiction), and §1338(a) and (b) (jurisdiction over copyright actions), and §1332 as an action between citizens of different states with an amount in dispute exceeding $75,000.00.

4.     This Court has personal jurisdiction over the Defendants in that Defendants are

engaged in substantial, and not isolated, activities within this state including operating, conducting, engaging in, or carrying on a business or business venture in this state and in this district, directly or through resident agents or officers in the State of Florida. Florida Statutes § 48.181 and § 48.193.

5.    All Defendants have transacted business in Florida and have contracted to supply goods or services in Florida in connection with the matters giving rise to this suit. Florida Statutes § 48.193. Defendants have also committed infringing acts outside of Florida causing injury to the Plaintiffs in Florida, and Defendants regularly conduct or solicit business in Florida, and/or expect or should reasonably expect their infringing conduct to have consequences in Florida where they derive substantial revenue from interstate commerce. Florida Statutes § 48.193(2).

6.    Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§1391(b) and (c) and/or 1400(a). Upon information and belief, each Defendant may be found in this district and/or has principal places of business in this district and/or a substantial part of the acts of infringement complained of herein occurs or has occurred in this district.

## PARTIES

### I. The Plaintiffs

7.    Plaintiffs Nemo Studios, GmbH (hereinafter "Nemo" and/or collectively "Plaintiffs") is a German corporation and conducts business within this district in the State of Florida, and has a principal place of business in the State of Florida and in Germany.

8.    Plaintiffs Petersongs Musikverlag KG (hereinafter "Petersongs" and/or collectively "Plaintiffs") is a German corporation and conducts business within this district in the

State of Florida, and has a principal place of business in the State of Florida and in Germany.

9.  Plaintiffs Frank Peterson (hereinafter "Peterson" and/or collectively "Plaintiffs") is a renowned composer, music producer, arranger, engineer and mixer, and has a principal place of business in the State of Florida and in Germany.

## II.  The Defendants

10.  Defendant Busch Gardens Williamsburg (formerly known as Busch Gardens Europe) (hereinafter "Busch Gardens" or with others collectively "Defendants" and/or "Sea World Defendants") is a theme park owner located in James City County, Virginia and is a division of SeaWorld Parks & Entertainment, LLC, whose principal place of business is located in the city of Orlando, which is in this district and in the State of Florida.

11.  Defendant SeaWorld Parks & Entertainment, LLC (hereinafter "SeaWorld LLC" or with others collectively "Defendants" and/or "Sea World Defendants") is a limited liability company organized and existing under the laws of the State of Delaware, and is registered to conduct business in the State of Florida as a foreign limited liability company; and operates, owns, and controls other entities which maintain an office in, and conduct business in, this district in the State of Florida.

12.  SeaWorld Parks & Entertainment, Inc. (hereinafter "SeaWorld Inc." or with others collectively "Defendants" and/or "Sea World Defendants") is a corporation organized and existing under the laws of the State of Delaware, and is registered to conduct business in the State of Florida as a foreign corporation; and operates, owns, and controls other entities which maintain an office in, and conduct business in, this district in the State of Florida.

13.  Upon information and belief, Defendants controlled, directed and benefited from the infringing behavior of the other Defendants, their affiliates, subsidiaries, and third party

distributors, and are agents and/or employees of each other.

14. Upon information and belief, Busch Gardens, is a joint venture owned and controlled by the SeaWorld Defendants, the ultimate parent company, which is registered to, and conducts business in, this district in the State of Florida. Busch Gardens was formed for the purpose of producing, financing, and distributing shows in select theme parks owned and controlled by the SeaWorld Defendants.

15. Upon information and belief, Busch Gardens conducts business in this district in the State of Florida directly and through its owners, principals, and agents of the SeaWorld Defendants, has produced and distributed stage productions such as *Rejoice*, and has marketed *Rejoice* in this district over the internet. Busch Gardens has common ownership with, and their activities are interrelated with, the SeaWorld Defendants. There is financial dependency on the SeaWorld Defendants, and the SeaWorld Defendants' control is pervasive, including approval rights and control over marketing and operational policies, and any purported corporate separation is merely formal and technical. The SeaWorld Defendants bear joint and several liabilities for the obligations of Busch Gardens as an affiliate/subsidiary and/or principal to lenders, and for taxes on the earnings of affiliates/subsidiaries, and the financial position and results of the domestic operations are consolidated with the agent/parent.

16. Upon information and belief, Busch Gardens is an alter-ego, mere department, or both principal and agent of the SeaWorld Defendants, as there is common ownership, there is financial dependency on the SeaWorld Defendants, and the SeaWorld Defendants' control is pervasive, including control over marketing and operational policies, and any purported corporate separation is merely formal and technical. The subsidiary is financially dependent on the parent, the parent interferes with the selection and assignment of personnel and the parent

-5-

exercises control over the subsidiary's marketing and operational policies. Thus, the parent company, the SeaWorld Defendants, bears joint and several liabilities for the obligations of the affiliate/subsidiary and/or principal to lenders, and for taxes on the earnings of affiliates/subsidiaries, and the financial position and results of Busch Gardens' operations are consolidated with the agent/parent (i.e. the SeaWorld Defendants).

17.     Upon information and belief, the SeaWorld Defendants and Busch Gardens are components of a tightly-knit commercial organization of common owned entities and the Florida entities perform all the business services that Busch Gardens could perform there by its own officials (i.e., the agent-parent entered contracts with third parties which benefitted and were binding on the foreign principal/affiliate/subsidiary). The agent-parent acted for the benefit of, and with the knowledge and consent of, Busch Gardens, and its principals, subsidiaries, and affiliates. The actions taken by the agents and/or parents in this matter involve the development, production, manufacturing, distribution, and marketing of the infringing work.

18.     Upon information and belief, each and all of the Defendants jointly and severally contributed to, and/or participated in, the infringing activity as set forth below and each Defendant was acting within the course and scope of employment, partnership and/or agency with the other, and each of the Defendants is jointly and severally liable for the injuries to Plaintiffs.

19.     Upon information and belief, the fictitiously named Defendants captioned hereinabove as Does 1 through 10, inclusive, and each of them, were in some manner responsible or legally liable for the actions, damages, events, transactions and circumstances alleged herein. The true names and capacities of such fictitiously named Defendants, whether individual, corporate, associate, or otherwise are presently unknown to the Plaintiffs and Plaintiffs will

-6-

amend this Complaint to assert the true names and capacities of such fictitiously named Defendants when the same have been ascertained. For convenience, each reference herein to a named Defendant or to Defendants shall also refer to the Doe Defendants and each of them.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**I. Plaintiffs' Works:**
***Gregorian Stage Production*, *Gregorian CD*, *Arrangements*, and *Gregorian DVD***

20.  In September 2006, author Peterson wrote the original *Gregorian Stage Production* which is embodied, distributed, and recognizable in the *Gregorian DVD*, which contains *Arrangements* contained and distributed in the *Gregorian CD*, and song selection, orchestration, staging, costumes, special effects, and choreography in the *Gregorian DVD* created and filmed at Kreuzenstein Castle, Austria. Plaintiffs' *Works* include:

a.  The *Gregorian Stage Production* is embodied in a motion picture *Gregorian DVD* released by PBS on January 27, 2007 as part of a PBS pledge drive in the initial airing, and the Gregorian DVD was originally released as part of a pledge package that accompanied the airing of the *Works* licensed by Peterson to Curb Records for general retail release;

b.  The *Gregorian CD* contains original *Arrangements* copyrighted by Petersongs and released in 2008 by Edel Entertainment GmbH (see Exhibit D), and the *Gregorian CD and DVD* package was released the following year overseas by Edel Entertainment GmbH pursuant to a license from Plaintiffs including:

(i) "*When A Child Is Born*" (published by EMI Music Pub. Italia on November 17, 2006 and © April 5, 2012; written by Baldan Bembo, Zacar, Salerno, Seymandi, and Specchia; arranged by Petersongs' whose arrangement is exclusive to the *Works*);

(ii) "*Silent Night*" (published by EMI Music Pub. Italia on November 17,

2006 and © April 5, 2012 with traditional lyrics arranged by Petersongs);

(iii)"*Peace On Earth/ Little Drummer Boy*" (published by EMI Music Pub. Italia on November 17, 2006 and © April 5, 2012.  *Peace on Earth* is an original arrangement published by Warner Chappell and written by Grosmann, Kohan, and Fraser and *Little Drummer Boy* has traditional lyrics but was arranged by Petersongs);

(iv)"*Happy Christmas/War Is Over*" (published by Ono Music; written by John Lennon &Yoko Ono; arranged by Petersongs and published by EMI Music Pub. Italia on November 17, 2006 and © April 5, 2012); and

(v) "*The First Noel*" (published by EMI Music Pub. Italia on November 17, 2006 and © April 5, 2012 with traditional lyrics arranged by Petersongs).

c.     The "Dark Side of the Chant;" CD © 2010 Nemo Studios was incorporated in the performance of the *Gregorian Stage Production* that toured extensively in 2011;

d.     "Chapter 8" was distributed in Europe and the U.S. via Amazon.com; and

e.     The "*Gregorian Masters of Chant*" CD (containing 14 musical arrangements) and DVD (containing 21 musical arrangements) (hereinafter "*Gregorian Masters of Chant*").  This work is copyrighted by Nemo and was incorporated in the performance of the *Gregorian Stage Production* that toured extensively on a Christmas tour in 2011.

21.     The *Gregorian DVD* and the *Gregorian CD* contain original *Arrangements*, song selection, orchestration, staging, costumes, special effects, and choreography and were registered in conformity with the provisions of the United States Copyright Act and all other applicable laws in the United States governing copyright.

22.     Plaintiffs are the copyright proprietors or the beneficial owners of the following

copyrights which were infringed by the Defendants:

    a.    *The Gregorian DVD*.

    (1) On February 4, 2011, the copyright registration on the "*Gregorian Masters of Chant Live at Kreuzenstein Castle*" was issued to Nemo, under number PA1-770-965 (a copy of which is attached hereto as Exhibit A – *Gregorian DVD Copyright Registration*) (the entire motion picture is comprised of the video and audio portions of the DVD) containing music and lyrics, choreography, and other cinematographic material.

    (2) In or about 2007, Nemo composed, produced, and distributed the *Arrangements* in the *Gregorian DVD* which embodies the *Gregorian Stage Production* and *Arrangements*, the copyright registrations of which are as follows (see Exhibit D):

    (i) "*When A Child Is Born*" (copyright protected under Certificate of Registration No. SR 697-067);

    (ii) "*Silent Night*" (copyright protected under Certificate of Registration No. SR 697-057);

    (iii)"*Peace On Earth/ Little Drummer Boy*" (copyright protected under Certificate of Registration No. SR 697-065)

    (iv)"*Happy Christmas/War Is Over*" (copyright protected under Certificate of Registration No. SR 697-075); and

    (v) "*The First Noel*" (copyright protected under Certificate of Registration No. SR 697-066).

    (3) In or about 2007, Nemo licensed to others the rights to distribute the *Arrangements* (i.e. WLIW-NY (PBS) for the *Gregorian DVD* on October 1, 2006, and for the *Gregorian CD* licensed to Curb Records for retail distribution on February 1, 2007).

(4) On or about January 27, 2007, Nemo authorized a nationwide television broadcast on the PBS network of the *Gregorian DVD*.

      b.      The *Gregorian CD*

(1)      In or about 2008, Nemo composed, produced, and distributed the *Arrangements* contained on the *Gregorian CD*.

(2)      Nemo employed composer Peterson, a widely recognized recording artist and songwriter who has written and/or produced hundreds of songs and arrangements in his repertoire, to compose the *Gregorian CD*.

(3)      The copyright registration on the *Gregorian CD* was issued to Curb Records, Inc. pursuant to a license from Nemo, under registration number SR0000665737 (a copy of which is attached hereto as Exhibit B – *Gregorian CD* (Copyright Registration).

(4)      The *Gregorian CD* was distributed in the United States by Edel Entertainment and the *Gregorian CD and DVD* was distributed in Europe.

23.      The *Gregorian DVD* and *Gregorian CD* contain copyrighted *Arrangements* with musical elements that are combined and arranged in an original and copyright protectable manner.

24.      Each public display of every DVD and CD manufactured displays a copyright notice advising the viewer that the *Gregorian DVD* and *Gregorian CD* are protected by copyright laws.

25.      Plaintiffs continue to license the *Works* to others.  Plaintiffs have authorized the use of excerpts from the *Works* by prior written permission.

## II. The Infringing *Rejoice* Stage Production

26.      Upon information and belief, in or about 2009, Defendants performed a stage

production known as *Rejoice* which is based upon the same expression and combination of concepts, ideas and expressions as those embodied in the *Gregorian Stage Production*, in the *Gregorian DVD*, in the *Gregorian CD*, *Gregorian CD and DVD*, and in the *Arrangements*.

27.     Defendants distributed, displayed, and performed *Rejoice* in November and December 2009, and November and December 2010.

28.     Defendants marketed *Rejoice* with the following statement published online by Busch Gardens Communications, Williamsburg, Virginia at www.buschgardens.com: "Guests can enter a transformed Abbey Stone Theater for "Rejoice," an emotional Christmas performance told through moving imagery, choral harmonies and a full, live orchestra.  This production will deliver heart-felt classics in an age-old form of Gregorian music with a modern, contemporary flair that will be brand new to American audiences."

29.     Upon information and belief, the creation of *Rejoice* came from the desire by Defendants to intentionally copy the *Gregorian Stage Production,* the *Gregorian DVD*, the *Gregorian CD and DVD,* and the *Arrangements* contained therein to attract visitors to Defendants' theme parks.

30.     The *Gregorian Stage Production, Gregorian DVD, Gregorian CD, Gregorian CD and DVD, Arrangements*, and related *Works* are widely disseminated, and have received great recognition in the literary and stage production industries.  The titles (the names) of the *Works* have achieved a significance and identification with the public and in the entertainment industry attaining a secondary meaning.

31.     Upon information and belief, all named Defendants had access to the *Works* and there is a reasonable possibility that all Defendants had an opportunity to view and/or copy the *Works.*

32.     *Rejoice* is a combination of visuals and music based upon the *Works*, and the derivation and substantial similarities are evidenced in reviews by ordinary observers and critics who observed *Rejoice*. For example: "[W]e decided to see the show playing in the theater in England called *Rejoice* – which is described as: 'Be a part of an emotional Christmas concert told through moving imagery, choral harmonies, and a full live orchestra in the Abbey Stone Theater.' The show had a live band with strings, [F]rench horns, guitars, and drums playing Christmas songs while about 10 creepy monks sang. The monks wore giant purple robes seemingly covered in glitter. Joined by two female singers, they sang songs like 'Silent Night' and a non-political version of John Lennon's 'Happy Christmas.'" Published November 30, 2009 online at www.thekibitzers.com, "A Review of Busch Gardens Christmastown."

33.     Upon information and belief, Defendants filed a copyright registration for *Rejoice*.

34.     Upon information and belief, all Defendants knew, or should have known that the *Works* were clearly owned and controlled by Plaintiffs, and that any use of the *Works* required approval by Plaintiffs had Defendants conducted a reasonable, adequate or good faith investigation of Plaintiffs' copyright interests regarding the *Gregorian Stage Production, Gregorian DVD*, *Gregorian CD*, *Gregorian CD and DVD*, and *Arrangements* publicly recorded in the United States Copyright office, the rights to adapt, reproduce, perform, display, or to produce a stage production derived from the *Works*.

35.     Upon information and belief, Defendants by various means, expressly or tacitly, tolerated and permitted all the Defendants, and other third parties, to distribute *Rejoice*.

36.     Upon information and belief, all Defendants with knowledge and intent, participated in, contributed to, financed, developed, produced, manufactured, distributed, and

exploited *Rejoice* which was a derivative product of the Plaintiffs' *Works* without properly securing consent, approval of, a grant, or license from the Plaintiffs.

37.    Upon information and belief, none of the named Defendants made any effort to remove from *Rejoice* copyrighted elements and material embodied in Plaintiffs' *Works* and Defendants' acts, failures, and omissions constitute a reckless disregard of Plaintiffs' rights and interests.

38.    Upon information and belief, in or about 2010, the Defendants permitted display of *Rejoice* on the internet distribution via YouTube.

39.    Upon information and belief, gross revenue (box office, DVD, domestic sales, etc.) for *Rejoice* exceeds millions of dollars.

40.    The Defendants commercially advertised *Rejoice* utilizing ads and posters similar to the advertising for the *Gregorian Stage Production*, *Gregorian DVD*, *Gregorian CD*, and *Gregorian CD and DVD*.

41.    Upon information and belief, all Defendants, their executives and their representatives, were in possession of, and shared with each other, knowledge of Plaintiffs' copyrights.

42.    Upon information and belief, each and all of the Defendants directly infringed the Plaintiffs' *Works*, and they knew, or should have known, of the infringing acts of each of the other Defendants, and they materially participated in, and contributed to the infringement.

43.    All Defendants are liable for contributory infringement in that they knowingly caused, induced and/or materially contributed to the infringing acts of parties with whom they had a direct connection, and/or distribution servicing agreements, and/or third party service agreements.

44.     Defendants are vicariously liable for copyright infringement as they had the right and the power to control both directly and pursuant to distribution servicing agreements and/or third party service agreements, the activities of each and all Defendants, as well as the infringing activities of Defendants' affiliates, and others, and these Defendants received a direct financial benefit, financial advantages, and/or other economic consideration from the infringing activities. Thus, all Defendants are liable for profits resulting from the copyright infringement in the United States.

45.     Upon information and belief, agreements were entered into between the agent-parent Defendants and their subsidiaries, affiliates, and distributors which created principal-agency relationships.

46.     Upon information and belief, Defendants did not curtail, stop, or enjoin Defendants and others from infringing upon Plaintiffs' rights and interests in the *Works* or take any legal action, but instead, concealed information in their possession and induced Plaintiffs' inaction to protect their rights.

47.     All Defendants, by their actions, failures, and omissions, constitute competitors with Plaintiffs for the exploitation of remakes, sequels, or adaptations of the *Works*.

48.     *Rejoice* and the *Works* are essentially the same story as both emerge from a situation conceived and created by Plaintiffs which constitutes the "spring board" for both the *Works* and for *Rejoice*.

49.     An analysis of *Rejoice* reveals expressions of ideas, the compilation of ideas, a concrete pattern or sequence of events, scenes, and musical arrangements that are substantially similar to those contained in Plaintiffs' *Works, Gregorian Stage Production* and *Arrangements*, and as embodied in the *Gregorian DVD*, *Gregorian CD*, and *Gregorian CD and DVD*. Some of

the similarities between *Rejoice* and the *Gregorian Stage Production, Gregorian DVD, Gregorian CD, Gregorian CD and DVD*, and the *Arrangements*, , are attached hereto in Exhibit C - Similarities Matrix.

50.    The *Works'* significant characters constitute protectable expression as the characters were developed by Plaintiffs, the characters constitute the story being told, the plot unfolds from the character's visual perspective, and because the *Works* focus on these characters.

51.    *Rejoice* utilizes numerous points of view of Plaintiffs' characters which are substantially similar to the same points of view utilized in the Plaintiffs' *Works*.

52.    *Rejoice* utilizes musical arrangements which are substantially similar to the *Arrangements* in the *Gregorian Stage Production*, *Gregorian DVD, Gregorian CD*, and the *Gregorian CD and DVD*, including specifically the "Allelujah" chorus from the *Gregorian DVD* menu, the chimes from the opening of the *Gregorian Stage Production* using the Dire Straits' song "Brothers in Arms," John Lennon's "*Happy Christmas/War is Over*" and others (see ¶ 19(b) infra).

53.    *Rejoice* displays a sequence of events which is substantially similar to the sequence of the *Gregorian Stage Production*, the *Gregorian DVD, Gregorian CD*, and the *Gregorian CD and DVD*.

54.    *Rejoice* displays choreography and stage actions which are substantially similar to the choreography and stage action of the *Gregorian Stage Production*, the *Gregorian DVD*, *Gregorian CD,* and the *Gregorian CD and DVD*.

55.    *Rejoice* displays musical arrangements containing structural similarities, orchestrations, harmonization, use of counter melodies, introduction and closing musical material which are substantially similar to those in Plaintiffs' *Arrangements*, including those in

"*A Child is Born*," "*Peace on Earth/Little Drummer Boy*," "*The First Noel*," "*Happy Christmas/ War is Over*," and "*Silent Night*."

56.     Upon information and belief, in *Rejoice* the Defendants purposefully employed immaterial variations or transparent re-phrasing to produce essentially the same performance as Plaintiffs' *Works*, and Defendants' additions, alterations, and editing choices provide evidence of copying rather than independent creation.

57.     The acts of infringement committed include: adaptation, reproduction, manufacturing, distribution, printing, editing, performance, and marketing of *Rejoice* which copies Plaintiffs' *Works*.

**FIRST CLAIM FOR RELIEF**
**(Copyright Infringement, 17 U.S.C. §§ 101 et seq. – Against All Defendants)**

58.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 57 inclusive, as though fully set forth herein.

59.     Plaintiffs own copyright interests in all elements and copyrights in the *Gregorian Stage Production*, *Gregorian DVD*, and the *Gregorian CD,* including original musical *Arrangements*, which are original copyrighted works under the laws of the United States.

60.     Plaintiffs have the exclusive right to prepare derivative works based upon the copyrighted *Works* pursuant to 17 U.S.C. §106 (2), as well as all other rights provided for in §106.

61.     The Defendants' acts in the United States include copying, downloading, use, modification, reproduction, display, performance, and distribution of elements of the *Works* including without limitation, the ideas, expression of concepts, pattern, sequence, theme, text and plot contained therein and all derivatives thereof, constitute a violation of the United States Copyright Act, Title 17 U.S.C. §§ 501(a), 106(1), 106(2) and 106(3), and all Defendants were

-16-

acting as infringers within the meaning of 17 U.S.C. §105(a).

62.     By the Defendants' participation in, and contribution to, the production, distribution, use, and exploitation of *Rejoice* in the United States, Defendants knowingly and willfully infringed, authorized others to infringe, and will continue to infringe Plaintiffs' copyright in the *Works*.

63.     As a proximate result of Defendants' copyright infringement, and that of their agents, affiliates, subsidiaries, and distributors in the United States, Plaintiffs have suffered and will continue to suffer irreparable injury, some of which cannot be compensated in money damages if such wrongful conduct continues.

WHEREFORE, Plaintiffs are entitled to and prays for relief as set forth in its Prayer for Relief herein.

## SECOND CLAIM FOR RELIEF
### (Contributory Infringement – Against All Defendants)

64.     Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1 through 57 inclusive, as though fully set forth herein.

65.     Upon information and belief, all Defendants individually, and in concert with the other named Defendants, and with other persons and entities, encouraged, induced, or materially contributed to, the infringement of the *Works* and the *Gregorian Stage Production* and *Arrangements*, and as embodied in the *Gregorian DVD* and the *Gregorian CD* in that:

(a)     all of the Defendants used, distributed, and/or exploited *Rejoice* in the United States;

(b)     all of the Defendants, and others, produced, stage produced, distributed, and displayed *Rejoice* for domestic distribution; and

(c)     Defendants' subsidiaries and others distributed, promoted, and advertised

-17-

the derivative *Rejoice* in territories after its production and manufacture in the United States, and, upon information and belief, induced infringement in the United States by providing financing, guarantees, and agreements for distribution of *Rejoice*.

66.  Upon information and belief, the Defendants' actions were performed with actual and constructive knowledge of Plaintiffs' rights and interests.

67.  The Defendants are jointly and severally liable for contributory copyright infringement.

WHEREFORE, Plaintiffs are entitled to and prays for relief as set forth in its Prayer for Relief herein.

### THIRD CLAIM FOR RELIEF
(Vicarious Copyright Infringement - Against All Defendants)

68.  Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1 through 57 inclusive, as though fully set forth herein.

69.  All of the Defendants had the right, authority, and the ability to control or supervise the actions, failures, and omissions of their fellow Defendants, and other persons and entities, including their subsidiaries, affiliates, and distributors, which violated Plaintiffs' copyright in the *Works* and in the *Gregorian Stage Production* and *Arrangements*, and as embodied in the *Gregorian DVD* and the *Gregorian CD*.

70.  The Defendants had knowledge of Plaintiffs' rights and interests in the *Works* and the *Gregorian Stage Production* and *Arrangements*, as embodied in *Gregorian DVD* and the *Gregorian CD*, during the development, production, distribution, and exploitation of *Rejoice*.

71.  All named Defendants obtained a direct financial interest, financial advantage, and/or economic consideration from the infringement in the United States as a result of their infringing actions in the United States.

-18-

WHEREFORE, Plaintiffs are entitled to and prays for relief as set forth in its Prayer for

Relief herein.

## FOURTH CLAIM FOR RELIEF
(Violation of the Lanham Act § 43(a), 15 U.S.C. § 1117 and § 1125,
False Advertising against All Defendants)

72.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 57

inclusive, as though fully set forth herein.

73.     In pertinent part, 15 U.S.C. § 1125, § 43, provides as follows:

(a)(1)  Any person who, on or in connection with any goods or services... uses in
commerce any word, term, name, symbol or device or any combination thereof, or
any false designation of origin, false or misleading description of fact, or false or
misleading representation of fact, which –

(A)     Is likely to cause confusion, or to cause mistake, or to deceive as to the
affiliation, connection, or association of such person, with another person, or as to
the origin, sponsorship, or approval of his or her goods, services, or commercial
activities by another person, or

(B)     In commercial advertising or promotion, misrepresents the nature,
characteristics, qualities, or geographic origin of his or her or another person's
goods, services, or commercial qualities, shall be liable in a civil action by any
person who believes that he or she is or is likely to be damaged by such act.  See
15 U.S.C. § 1125, § 43.

74.     At all times relevant to this Complaint, the Defendants have commercially,

intentionally, willfully, knowingly and wrongfully mislabeled, developed, used, advertised,

distributed and sold the originality of the *Works* as embodied in the *Gregorian Stage Production,*

*Gregorian DVD,* and the *Gregorian CD* without the consent, express or implied, permission or

authorization of the Plaintiffs, and have, therefore, falsely mislead and misrepresented the true

origin of the *Rejoice* stage production by designating the originality as their own, and

mislabeling the *Rejoice* stage production to mask the contributions of the *Works* as embodied in

the *Gregorian Stage Production*, *Gregorian DVD,* and the *Gregorian CD* with the result that

-19-

Defendants' conduct inherently causes mistake, confusion and deception as to the true origin of the *Rejoice* stage production and its originality in the false and deceptive advertising and promotion of the *Rejoice* stage production in violation of the Lanham Act as set forth above.

75. Upon information and belief, the Defendants have and continue to willfully misrepresent in their commercial advertising and promotional materials the origins of the *Rejoice* stage production, ignoring the *Gregorian CD, Arrangements, Gregorian Stage Production,* and the *Gregorian DVD* upon which the *Rejoice* stage production is actually based, all with an intention to mislead and misrepresent the nature, characteristics and qualities of Defendants' goods, services or commercial activities. Such advertising by the Defendants suggests that the *Rejoice* stage production is original, when in fact it is a copy and/or derivative of Plaintiffs' *Works*, namely the *Gregorian Stage Production*, *Gregorian DVD*, and the *Gregorian CD*.

76. As a result of such false and misleading designation, marketing and advertising, and the substantial similarities between the *Gregorian CD*, *Gregorian CD and DVD,* and *Arrangements, Gregorian Stage Production,* and the *Gregorian DVD* and the *Rejoice* stage production, members of the public who view the *Rejoice* stage production, who purchase other derivative works and who view Defendants' internet site and other advertising and promotional materials are likely to be confused about the true nature, characteristics and qualities of the products they are consuming.

77. Upon information and belief, the Defendants, notwithstanding their knowledge to the contrary, falsely represented to third parties, including the public, that they have the rights to exploit theatrical stage productions and ancillary rights to the material on which the *Rejoice* stage production is based and willfully omitted disclosure of the true status of such rights to such third parties to enter into agreements with them, including but not limited to agreements to develop,

produce and distribute the *Rejoice* stage production and to license ancillary derivative products based thereon, all of which is derived from the *Works*.

78.     Upon information and belief, the Defendants used such misrepresentations and omissions in interstate commerce in order to induce others to enter into contracts or other forms of business arrangements with Defendants. Such actions constitute the use of false description or representation in interstate commerce, likely to cause confusion, mistake or to deceive, and is in opposition to the protection of the public interest.

79.     Defendants will likely continue such misrepresentations and omissions, thus wrongfully misappropriating and encumbering Plaintiffs' right to the use and enjoyment of their intellectual property and the goodwill attendant thereto, and resulting in the likely confusion of and a fraud on the public.

80.     Defendants have utilized the title "*Gregorian*" to advertise their derivative dramatico-musical stage production *Rejoice* including, but not limited to, the website advertising for *Rejoice* with the intent to influence potential customers.

81.     Defendants are competitors with Plaintiffs in the exploitation of adaptations and/or works derivative of the *Gregorian Stage Production*, the *Gregorian DVD*, the *Gregorian CD,* and the *Arrangements*.

82.     Defendants' advertising constitutes commercial speech which was disseminated to the consuming public in such a way as to constitute advertising and/or promotion.

83.     As a direct and proximate cause of Defendants' actions, including implied reverse passing off, false advertising, unfair trade practices and unfair competition, Plaintiffs have suffered and will continue to suffer severe injuries and harm, much of which cannot be reasonably or adequately measured or compensated in damages if such wrongful conduct is

allowed to continue unabated.  The ongoing harm this wrongful conduct will continue to cause Plaintiffs is both imminent and irreparable.  Plaintiffs' injuries and damages include but are not limited to loss of fair compensation for its intellectual property, loss of customers, dilution of goodwill, injury to their business reputation, and diminution of the value of their intellectual property.

84.     By reason of the foregoing, Defendants have violated and continue to violate the Lanham Act §43(a), 15 U.S.C. § 1125.

85.     WHEREFORE, Plaintiffs are entitled to and prays for relief as set forth in its Prayer for Relief herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief an all Claims for Relief as follows:

**On First Claim for Relief**

(a.)     For compensatory and consequential damages as allowed by law according to proof in an amount to be determined at trial;

(b.)     A permanent injunction, pursuant to 17 U.S.C. §502, enjoining all Defendants, their officers, agents, employees, licensees, assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in such further violations of the Copyright Act;

(c.)     A permanent injunction enjoining all Defendants, their officers, agents, employees, licensees and assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in or authorizing the production, copying, distribution and/or exploitation of *Rejoice*;

(d.)     Recovery from all Defendants of the damages, including pre-judgment interest it sustained and will sustain, and any income, gains, profits, and advantages obtained by Defendants and their subsidiaries, affiliates, distributors, and service providers as a result of their wrongful acts alleged hereinabove pursuant to 17 U.S.C. §504(b), in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial;

(e.)     The maximum statutory damages in the amount of $30,000.00 per infringement, and/or $150,000.00 per willful infringement pursuant to 17 U.S.C. §504(c), or for such other amount as may be proper under 17 U.S.C. §504(c). Plaintiffs are further entitled to their attorney's fees and full costs pursuant to 17 U.S.C. §505; and

(f.)     For such other and further relief and remedies available under the Copyright Act, 17 U.S.C. §§101 et seq., and/or for which the Court may deem just and proper, including punitive damages.

(g.)     For pre-judgment interest as allowed by law;

(h.)     For costs of suit, including reasonable attorneys as proven;

(i.)     For such other relief as the Court deems just and proper.

### On the Second Claim for Relief

(a.)     For compensatory and consequential damages as allowed by law according to proof in an amount to be determined at trial;

(b.)     A permanent injunction, pursuant to 17 U.S.C. §502, enjoining the Defendants, their officers, agents, employees, licensees, assigns, distributors, and all persons acting in concert with them, from engaging in such further violations of the Copyright Act;

(c.)     A permanent injunction enjoining the Defendants, their officers, agents, employees, licensees, assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in or authorizing the production, reproduction, copying, use, distribution, exploitation, advertising, and promotion of *Rejoice*;

(d.)     Recovery from the Defendants of the damages, including pre-judgment interest it sustained and will sustain, and any income, gains, profits, and advantages obtained by the Defendants, their officers, agents, employees, licensees, assigns, distributors, sub-distributors, and all persons acting in concert with them, as a result of their wrongful acts committed in the United States, and those of their subsidiaries, affiliates, and distributors, alleged hereinabove pursuant to 17 U.S.C. §504(b), in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial;

(e.)     The maximum statutory damages in the amount of $30,000.00 per infringement,

and/or $150,000.00 per willful infringement pursuant to 17 U.S.C. §504(c), or for such other amount as may be proper under 17 U.S.C. §504(c). Plaintiffs are further entitled to their attorney's fees and full costs pursuant to 17 U.S.C. §505; and

(f.)    For such other and further relief and remedies available under the Copyright Act, 17 U.S.C. §§101 et seq., and/or for which the Court may deem just and proper, including punitive damages.

(g.)    For pre-judgment interest as allowed by law;

(h.)    For costs of suit, including reasonable attorneys as proven;

(i.)    For such other relief as the Court deems just and proper.

### On the Third Claim for Relief

(a.)    For compensatory and consequential damages as allowed by law according to proof in an amount to be determined at trial;

(b.)    A permanent injunction, pursuant to 17 U.S.C. §502, enjoining the Defendants, their officers, agents, employees, licensees, assigns, distributors, and all persons acting in concert with them, from engaging in such further violations of the Copyright Act;

(c.)    A permanent injunction enjoining the Defendants, their subsidiaries, affiliates, officers, agents, employees, licensees and assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in or authorizing the production, copying, distribution and/or exploitation of *Rejoice*;

(d.)    Recovery from the Defendants of the damages, including pre-judgment interest Plaintiffs sustained and will sustain, and any income, gains, profits, and advantages obtained by the Defendants, their subsidiaries, affiliates, and distributors as a result of their wrongful acts committed in the United States alleged hereinabove pursuant to 17 U.S.C. §504(b), in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial;

(e.)    The maximum statutory damages in the amount of $30,000.00 per infringement, and/or $150,000.00 per willful infringement pursuant to 17 U.S.C. §504(c), or for such other amount as may be proper under 17 U.S.C. §504(c). Plaintiffs are further entitled to their attorney's fees and full costs pursuant to 17 U.S.C. §505; and

(f.)  For such other and further relief and remedies available under the Copyright Act, 17 U.S.C. §§101 et seq., and/or for which the Court may deem just and proper.

(g.)  For pre-judgment interest as allowed by law;

(h.)  For costs of suit, including reasonable attorneys as proven;

(i.)  For such other relief as the Court deems just and proper.

### On the Fourth Claim for Relief

(a.)  For treble compensatory and consequential damages according to proof in an amount to be determined at trial;

(b.)  Damages sustained and which will be sustained, and any income, gains, profits, and advantages obtained by Defendants as a result of their wrongful acts and omissions alleged hereinabove, in an amount which cannot yet be fully ascertained, since no adequate remedy at law with respect to those ongoing violations but which shall be assessed at the time of trial;

(c.)  For recovery of lost sales, to be assessed at trial for Plaintiffs' loss of business which occurred as a result of Defendants' false advertising and promotion conducted in an intentional, callous, and calculated manner in conscious disregard for Plaintiffs' rights, and knowingly and intentionally injured and damaged Plaintiffs;

(d.)  For an order permanently enjoining Defendants, their officers, agents, employees, licensees and assigns and all persons acting in concert with them, from engaging in such further violations of the Lanham Act § 43(a), 15 U.S.C. § 1125, as alleged hereinabove;

(e.)  For such other and further relief and remedies available under the Lanham Act § 43(a), 15 U.S.C. § 1125 et seq., which the court may deem just and proper, including punitive and exemplary damages as may be awarded at trial.

(f.)  For pre-judgment interest as allowed by law;

(g.)  For costs of suit, including reasonable attorneys as proven;

(h.)  For such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby requests a trial by jury on each claim for relief alleged in this Complaint.

DATED this 25th day of September, 2012     Respectfully Submitted,

**The Business Trial Group of
MORGAN & MORGAN, P.A.**
*Attorneys for Plaintiffs*

By:_____

Clay M. Townsend
Florida Bar No. 363375
Tucker H. Byrd
Florida Bar No. 381632
20 North Orange Avenue, Suite 1500
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile:  (407) 418-2048
Email: CTownsend@BusinessTrialGroup.com
          TByrd@BusinessTrialGroup.com

*1483382/5v2*

## EXHIBIT LIST

| No. | Description |
| --- | --- |
| A | Gregorian DVD Copyright Registration |
| B | Gregorian CD Copyright Registration |
| C | Similarities Matrix |
| D | Copyright Registration for all Arrangements |